FILED

**June 25, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

DENVER PAT HANKINS and wife,   ) GREENE CIRCUIT
MICHELLE L. HANKINS,           ) C. A. NO. 03A01-9710-CV-00468
                               )
          Plaintiffs-Appellees )
                               )
                               )
                               )
vs.                            ) HON. JOHN K. WILSON
                               ) JUDGE
                               )
                               )
                               )
ROBIN DWAYNE SEATON and PET    )
INCORPORATED,                  ) REVERSED AND REMANDED
                               )
          Defendants           )

DANIEL D. COUGHLIN, Milligan & Coleman, Greenville, for the Intervenor-Appellant, Tennessee Farmers Mutual Insurance Company.

ROGER A. WOOLSEY, Greenville, for the Plaintiffs-Appellees and Third Party Defendant-Appellee.

O P I N I O N

McMurray, J.

This action was originally brought by the plaintiffs-appellees to recover damages for personal injuries and related expenses incurred in a motor vehicle accident. The plaintiffs did not make any claim for property damages. Plaintiffs' property damage was

paid under their contract of insurance with the intervenor, Tennessee Farmers Mutual Insurance Company (Tennessee Farmers). Tennessee Farmers also paid plaintiffs' medical expenses in the amount of $1,619.00. The plaintiffs executed a subrogation agreement in favor of Tennessee Farmers. Tennessee Farmers' total subrogation claim was for $4,720.00, representing the medical expenses and $3,101.00 paid for property damages.

Tennessee Farmers subsequently advised the plaintiffs and their attorney of the subrogation interest. On December 8, 1994, a motion to amend the complaint to include a claim for property damages was made by the plaintiffs. No order allowing or disallowing the amendment was ever signed by the judge or entered by the court. On February 17, 1997, the plaintiffs settled their claims against the defendants extinguishing all claims against the defendants including Tennessee Farmers' subrogation claims. On March 31, 1997, Tennessee Farmers moved to intervene and asked the court to set aside the order of settlement and allow them to assert a cross-claim against the plaintiffs and a third-party claim against their attorney. The court allowed the intervention and after a hearing denied the motion to set aside the order of compromise and settlement between the original plaintiffs and defendants. The trial court dismissed the property damage claim made by Tennessee Farmers on the grounds that the statute of

2

limitations barred the action since no amendment was ever made to assert the claim. The court allowed a recovery of $1,619.00 (which had been tendered by the plaintiffs to Tennessee Farmers) for medical expense, however, Tennessee Farmers was required to share pro rata in the plaintiffs' expenses and attorney fees.[1] From this order Tennessee Farmers appeals. We reverse the action of the trial court and remand for such other and further action as may be required in conformity with this opinion.

Tennessee Farmers charges the court with error in dismissing the intervening complaint and motion to set aside the settlement. It is further asserted that the court erred in reducing the recovery for medical expenses on a pro rata basis.

We will first examine the chronology of events relating to the issues under consideration here. The accident which gave rise to the original action occurred on May 17, 1993. This action was filed on May 16, 1994, with no claim being made by the plaintiffs against the original defendants for property damages. By letter dated November 3, 1994, the attorney for Tennessee Farmers advised the plaintiffs' attorney of Tennessee Farmers' subrogation interest. In the letter, Tennessee Farmers suggested that the

_____

[1]Insofar as we are able to determine, the court made no order prorating expenses and attorney fees.

original complaint be amended to assert the property damage claim in the name of the plaintiff, Pat [Denver] Hankins. In the alternative, plaintiffs' attorney was advised that if he did not wish to amend, Tennessee Farmers would intervene. Tennessee Farmers also offered to assist in trial preparation and with the trial of the case as well. The letter from Tennessee Farmers' attorney stated in part: "... Tennessee Farm Bureau has some original photographs. ... When I get them I will show them to you." He also noted that he had copies of some of the medical bills. Tennessee Farmers included with the letter a proposed motion to amend but not a proposed order allowing the amendment. By letter dated December 8, 1994, plaintiffs' attorney responded to the letter from Tennessee Farmers' attorney. In his letter, plaintiffs' attorney advised that he had filed a motion to amend to include property damages as requested. Additionally he requested copies of "pictures, any statements or any matters concerning your client's [Tennessee Farmers'] investigation of this accident. I would also appreciate copies of whatever medical records that you have." He further asked that Tennessee Farmers pay one-half of the related expenses. Tennessee Farmers did not respond to the plaintiffs' letter until October 21, 1996. Tennessee Farmers' reply through their present attorney, among other things, acknowledged that no response had been made to the letter of December 8, 1994. In the October 1996 letter, Tennessee Farmers agreed to pay

4

the expenses requested by the plaintiffs and to supply the photos and medical bills requested in December 1994. When Tennessee Farmers did respond to the December, 1994, letter, it was expressly made clear by Tennessee Farmers that no attorney fees would be paid by them.[2] As previously noted, on February 17, 1997, the plaintiffs settled their claims against the defendants extinguishing all claims against the defendants including Tennessee Farmers' subrogation claims.

The subrogation agreement executed by the original plaintiff, Denver Pat Hankins, in favor of Tennessee Farmers provided the following:

> ... no settlement has been made by the undersigned [Plaintiff] with any party, person, persons, property or corporation against whom a claim may lie, and no release has been given to anyone responsible for the loss, and **that no such settlement will be made nor release given by the undersigned without the written consent of said Company [Tennessee Farmers]** ... . (Emphasis added).

Tennessee Farmers argues that when the settlement was made with the defendants the plaintiffs violated the above provisions of

---

[2] In the letter dated October 21, 1996, the attorney for Tennessee Farmers stated that "... all attorneys' fees will be paid to you and I by our respective clients out of their portion of the recovery only."

In a follow-up letter dated November 12, 1996, the attorney for Tennessee Farmers advised the plaintiffs' attorney that "... my client will pay attorney's fees only to our firm in the collection of the subrogation interests."

the subrogation agreement since the settlement was made without its consent.  The plaintiffs assert that since the statute of limitations [T.C.A. § 28-3-10] had expired for the property damage claim, the claim was barred and Tennessee Farmers was not deprived of any rights under the subrogation agreement.  The trial court agreed with the argument advanced by the plaintiffs.

It is incumbent upon us to examine applicable law to determine whether the statute of limitations had, in fact, expired.  There is no dispute concerning the length of the statute of limitations for causes of action for damage to personal property — three years.  Likewise it is undisputed that at the time of the settlement, more than three years had elapsed and no amendment asserting a claim for property damage had been made.  This does not end the inquiry, however.  Rule 15.03, Tennessee Rules of Civil Procedure provides as follows:

> **15.03 Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. ... .

An amendment stating a claim for property damage and arising from the same accident would not constitute a new cause of action and tested under our appellate court decisions interpreting the

6

above rule may relate back to the original filing date of the complaint.

> There are several methods of determining whether an amendment raises a new cause of action or merely relates back to the original pleading. See Gamble v. Hospital Corp. of America, 676 S.W.2d 340 (Tenn. App. 1984). Tennessee courts have generally followed the statutory standard that the amendment must arise from the same conduct, transaction or occurrence as set forth in the original pleadings. Karash v. Pigott, 530 S.W.2d 775 (Tenn. 1975). Notice to the defendant is not expressly required by the statutory standard for relation back but the Tennessee Supreme Court has determined that notice is the critical element involved in determining whether amendments to pleadings relate back. Floyd v. Rentrop, 675 S.W.2d 165, 168 (Tenn. 1984).

Rainey Bros. Constr. Co. v. Memphis & Shelby County,, 821 S.W.2d 938, 942 (Tenn. App. 1991).

In Karash v. Pigott, 530 S.W.2d 775 (Tenn. 1975) our Supreme Court noted:

> The time-honored "new cause of action" objection to amendments has been substantially eroded by the New Rules of Civil Procedure. Rule 15.03 has never been construed by our courts; however, its language is so clear and unequivocal that it is virtually self-construing. In pertinent part it declares:
>
>> Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, trans-action or occurrence set forth or attempted to be set forth in the original pleading, the amendment

7

> relates back to the date of the original pleading. (Emphasis in original).[3]

Id., at 777.

The proposed amendment sought to add the following paragraph to the original complaint:

> 10.  As a proximate result of the negligence of the defendant as aforesaid, the plaintiff, Denver Pat Hankins, has sustained property damage to his 1979 Pontiac Firebird which was rendered a total loss.  In addition, he has incurred related costs of towing, storage and loss of use of the vehicle.  The plaintiff's property damage is in the approximate amount of Five Thousand and No/100 Dollars ($5,000.00).

Thus, from the undisputed facts in this case, it cannot be said that the statute of limitations extinguished Tennessee Farmers' claim as a matter of law.  We reverse the trial court's judgment that the statute of limitations barred the claim for property damage.

We must next determine the relief to which Tennessee Farmers is entitled.  In <u>Aetna Casualty Ins. Co. v. Gilreath</u>, 625 S.W.2d 269 (Tenn. 1981), the court quoting with approval from <u>Motors</u>

---

[3]The rule has been amended since <u>Karash v. Pigott</u> was decided, however, the amendment does not affect the question under consideration here.

<u>Insurance Corporation v. Blakemore</u>, 584 S.W.2d 204 (Tenn. App.

1978) stated:


> In <u>Motors Insurance Corporation v. Blakemore</u>, 584
> S.W.2d 204 (Tenn. App.1978), a collision insurance
> carrier sued its insured Blakemore and his attorney
> Garrison to recover its subrogation interest in Blake-
> more's claim against a third party tort feasor. Blake-
> more had settled with the third party, entered an order
> in the pending suit that recited that all claims had been
> compromised and settled, and dismissed the case. The
> proceeds of the settlement were distributed by Garrison
> and Blakemore without honoring the insurance company's
> subrogation interest.
>
> Judge Summers, writing for the Court of Appeals said:
>
> "The consent judgment which was signed by Garrison on
> behalf of Blakemore extinguished all claims against
> Curtis and Cotton Belt. Garrison and Blakemore were both
> aware that the plaintiff had expended money for the
> repair of Blakemore's automobile and was subrogated to
> the claim of Blakemore to the extent of the sum it paid.
> Blakemore and Garrison did nothing to protect the claim
> of the subrogee....
>
> Therefore, we rule that Blakemore and Garrison settled to
> the detriment of Motors and should be held responsible
> for their actions. We do not think that Blakemore should
> be entitled to collect twice for his property damage or
> that Garrison should be absolved for his part in attempt-
> ing to keep Motors from collecting the sum due it under
> the subrogation agreement."

625 S.W.2d 269, 274.


We are unable to make a meaningful distinction between the

case under consideration here and <u>Blakemore</u>. Therefore, it must

follow that the plaintiffs and their attorney, are liable to

Tennessee Farmers for the amount of the property damage payments

9

made to Hankins by Tennessee Farmers, less the pro rata share of expenses which Tennessee Farmers agreed to pay. Since Tennessee Farmers expressly advised the plaintiffs and their attorney that it would pay no attorney's fees, attorney's fees are not includable in the expenses which are to be prorated. Before attorney's fees can be collected, it must be shown that a contract, express or implied, existed between the plaintiff and Tennessee Farmers, whereby the plaintiff's attorney would represent the interests of Tennessee Farmers regarding its subrogation claim. See Boston, Bates & Holt v. Tennessee Farmers Mutual Insurance Company, 857 S.W.2d 32 (Tenn. 1993) and Travelers Ins. Co. v. Williams, 541 S.W.2d 587 (Tenn. 1976). See also Tennessee Farmers Mut. Ins. Co. v. Pritchett, 54 Tenn. App. 410, 391 S.W.2d 671 (Tenn. App. 1964). No contract, express or implied, is established by the record in this case.

As to the medical expenses, Tennessee Farmers is likewise entitled to recover $1,619.00, less pro rata expenses not including attorney's fees.

We reverse the judgment of the trial court and remand the case for such other and further proceedings that may be necessary in conformity with this opinion, including the amount of the prorated expenses that should be deducted from the recovery by Tennessee Farmers. Costs are assessed to the appellees.

10

_____
Don T. McMurray, J.


CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

11

IN THE COURT OF APPEALS
AT KNOXVILLE

DENVER PAT HANKINS and wife,    )    GREENE CIRCUIT
MICHELLE L. HANKINS,            )    C. A. NO. 03A01-9710-CV-00468
                                )
        Plaintiffs-Appellees    )
                                )
                                )
                                )
vs.                             )    HON. JOHN K. WILSON
                                )    JUDGE
                                )
                                )
                                )
ROBIN DWAYNE SEATON and PET     )
INCORPORATED,                   )    REVERSED AND REMANDED
                                )
        Defendants              )

**<u>JUDGMENT</u>**

    This appeal came on to be heard upon the record from the
Circuit Court of Greene County and briefs filed on behalf of the
respective parties.  Upon consideration thereof, this Court is of
the opinion that there was reversible error in the trial court.

    We reverse the judgment of the trial court and remand the case
for such other and further proceedings that may be necessary in
conformity with this court's opinion, including the amount of the
prorated expenses that should be deducted from the recovery by
Tennessee Farmers.  Costs are assessed to the appellees.


                                        PER CURIAM